

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00392-CR

Billy Bob **OPPELT**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2010CR5849
Honorable Raymond Angelini, Judge Presiding

Opinion by:    Jason Pulliam, Justice

Sitting:    Patricia O. Alvarez, Justice
            Luz Elena D. Chapa, Justice
            Jason Pulliam, Justice

Delivered and Filed:  April 1, 2015

AFFIRMED

### BACKGROUND

A jury found Appellant, Billy Bob Oppelt, guilty of possession of a controlled substance and assessed punishment of seven years' confinement, probated for five years of community service. On May 6, 2014, the trial court held a hearing on the State's motion to revoke community supervision. Oppelt pled "[t]rue" to all of the alleged violations of conditions of community supervision contained within the State's motion to revoke. Based upon Oppelt's plea of true, the

trial court entered judgment revoking his community supervision and sentenced him to seven years' confinement. Oppelt, then, filed his notice of appeal.

## ANALYSIS

Oppelt's court-appointed appellate attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967). In this brief, counsel concludes and demonstrates there are no arguable grounds to be advanced, and therefore, the appeal has no merit. Counsel certifies he provided Oppelt with a copy of the brief and informed him of his right to review the record and file his own brief. *See Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Oppelt did not file a brief.

After reviewing the record and counsel's brief, we agree the appeal is frivolous and without merit.

The judgment of the trial court is AFFIRMED. Furthermore, we GRANT appellate counsel's motion to withdraw. *See Nichols*, 954 S.W.2d at 85-86; *Bruns* 924 S.W.2d at 177, n.1.

No substitute counsel will be appointed. Should Oppelt wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the later of: (1) the date of this opinion; or (2) the date the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

**ASSESSMENT OF ATTORNEY FEES**

"[A] 'defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs.'" TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2013); *see Wiley v. State*, 410 S.W.3d 313, 315 (Tex. Crim. App. 2013) (a defendant previously found indigent is presumed to remain indigent); *see also Cates v. State*, 402 S.W.3d 250, 251 (Tex. Crim. App. 2013).

The record shows Oppelt was appointed counsel, Bob Hicks, for representation at the revocation hearing. Following the hearing, Hicks filed a motion to withdraw and for appointment of counsel on appeal, which was granted. Oppelt filed the notice of appeal and another motion for appointment of appellate counsel. Appellate counsel was appointed on June 2, 2014. In the section of the judgment in which court costs are assessed, the judgment states, "PLUS ATTY FEES." Because appellant is indigent and had court-appointed counsel, the assessment of attorney's fees against him is erroneous. The supplemental clerk's record reveals the bill of costs states, "APPOINTED ATTY" and "TBD" for attorney's fees. Based upon review of the record, this court does find the trial court's judgment should be modified to reflect no costs shall be assessed against Appellant in relation to his trial or this appeal because he qualifies as indigent under TEX. R. APP. P. 20.

**CONCLUSION**

We modify the judgment to reflect no assessment of attorney fees against Oppelt in relation to his trial or this appeal. We AFFIRM the judgment of the trial court as modified and GRANT

appellate counsel's motion to withdraw. *See Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177 n.1.

Jason Pulliam, Justice

DO NOT PUBLISH